1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR,

                 Plaintiff(s),

    v.

ROB M JACKSON,

                 Defendant(s).

CASE NO. 3:22-cv-05480-TL-JRC

ORDER ON REPORT AND
RECOMMENDATION

       This matter comes before the Court on the Report and Recommendation of the Honorable
J. Richard Creatura, Chief United States Magistrate Judge (Dkt. No. 2) and Plaintiff John Robert
Demos, Jr.'s objections to the Report and Recommendation (Dkt. No. 3). Having reviewed the
Report and Recommendation, Plaintiff's objections, and the remaining record, the Court
SUSTAINS Plaintiff's objection and RETURNS the matter to Judge Creatura for further
consideration.

       A district court "shall make a de novo determination of those portions of the report or
specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("[The Court] must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

Mr. Demos is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). As a bar order litigant, Mr. Demos may submit only three *in forma pauperis* ("IFP") applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992). Because Plaintiff has had more than three prior actions filed and dismissed this year, he may not proceed *in forma pauperis* unless he:

    1) complies with all procedural requirements outlined in prior bar orders, *see Demos v. U.S. Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160 (9th Cir. 1991), and *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982);

    2) submits an affidavit that the claims presented have not been presented in any other action in any court,[1] *see In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); and

---

[1] Mr. Demos appears to have filed multiple IFP applications and proposed complaints raising similar claims related to the detention facility's response to the ongoing coronavirus pandemic. *See, e.g., Demos v. Strange et al.*, 3:22-cv-05463-DGE (W.D. Wash. Jun. 23, 2022), and *Demos v. Washington State Department of Corrections*, 2:22-cv-00724-RSL (W.D. Wash. May 26, 2022).

3) makes a plausible allegation that he faced imminent danger of serious physical injury at the time of filing under 28 U.S.C. § 1915(g), *see Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007).

Judge Creatura concluded that Mr. Demos is barred from proceeding IFP because the bar orders in question enjoin Mr. Demos without exception once he has surpassed the annual limit. Dkt. No. 2 at 2. Mr. Demos has surpassed three IFP applications for this year. Although Mr. Demos' objections are not entirely clear, he appears to challenge Judge Creatura's determination regarding the application of the bar orders without considering the "imminent danger" exception under 28 U.S.C. § 1915(g). Dkt. No. 3 at 2.

The Court finds that the bar orders limiting Mr. Demos to three IFP applications per year do not apply to subsequent applications if Mr. Demos plausibly pleads imminent danger and meets all other procedural requirements of the prior injunctions. *See Demos v. Holbrook*, 848 F. App'x 779 (9th Cir. 2021) (vacating order denying IFP and administratively closing action under a bar order and remanding with instructions to consider the possible application of the imminent danger exception)*; see also* Report and Recommendation at 2 (Dkt. No. 2), *Demos v. Chief Judge et al.*, 2:20-cv-01087-RSM (W.D. Wash. Jul. 29, 2020), *adopted by* Order (Dkt. No. 3). Although the Court sustains Mr. Demos' specific objection, the Court will return the matter to the Honorable J. Richard Creatura for further consideration consistent with this Order.

The Court therefore ORDERS:

1. Mr. Demos' objection is SUSTAINED;

2. This matter to be returned to the Hon. J. Richard Creatura for further consideration of whether the imminent danger exception applies, and all procedural requirements have been met; and

3.   The Clerk to send copies of this order to Mr. Demos and the Hon. J. Richard

Creatura.

Dated this <u>10th</u> day of August 2022.

_____

Tana Lin
United States District Judge