1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10 | JOHN ROBERT DEMOS, JR,

11 |               Plaintiff,

12 |       v.

13 | ROB M JACKSON et al,

14 |               Defendants.

CASE NO. 3:22-cv-05480-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 28, 2022

15

16      This matter is before the Court on referral from the district court and on plaintiff's

17 application to proceed *in forma pauperis* ("IFP"). *See* Dkt. 1.

18                            **BACKGROUND**

19      On June 30, 2022, plaintiff, a Washington prisoner who is well-known locally and

20 nationally as an abusive litigant, filed an application to proceed IFP so that he may bring an

21 action against various state officials related to the conditions of his confinement. *See* Dkts. 1, 1-

22 1. In his proposed complaint, he asserts that he is in imminent danger of contracting COVID-19

23 and monkeypox due to "the combination of homosexuality, lesbianism, and drug addiction" he

24

1   has witnessed in prison, among other allegations. *See generally* Dkt. 1-1.  Plaintiff seeks punitive

2   damages as well as declaratory and injunctive relief. *See id.* at 12.

3       On July 6, 2022, this Court screened plaintiff's proposed complaint and recommended

4   that his claims be dismissed without prejudice because he had surpassed his bar order cap of

5   three actions per year. *See* Dkt. 2 at 2. On July 14, 2022, plaintiff objected to the Court's report

6   and recommendation on the ground that the bar orders cannot trump his right to plead imminent

7   danger pursuant to 28 U.S.C. § 1915(g). *See* Dkt. 3 at 9. On August 10, 2022, the Honorable

8   Tana Lin issued an order sustaining plaintiff's objection and found that the bar orders limiting

9   plaintiff to three actions per year do not apply to subsequent applications if plaintiff plausibly

10  pleads imminent danger and meets all other procedural requirements. *See* Dkt. 4 at 3. Judge Lin

11  returned the matter to the undersigned for further consideration of whether the imminent danger

12  exception applies and whether plaintiff has met all other procedural requirements. *See id.*

13      Plaintiff is subject to pre-filing bar orders in this district due to his abuse of the judicial

14  system. *See In re John Robert Demos*, MC91-269-CRD, Dkt. 1 (W.D. Wash. Jan. 16, 1992)

15  ("1992 Bar Order"). The 1992 Bar Order provides that this Court "will not consider more than

16  three [IFP] applications in any calendar year" and that "[a]ny fourth or successive application by

17  [plaintiff] to proceed [IFP] will not be filed, acknowledged, or returned." *Id.* at 2. The 1992 Bar

18  Order also states that any complaints, whether accompanied by a filing fee or an IFP application,

19  "will not be accepted for filing unless the complaint is accompanied by an affidavit that the

20  claims presented have not been presented in any other action in any court and that [plaintiff] can

21  and will produce evidence to support his claims." *Id.* at 3. Alongside the 1992 Bar Order is

22  U.S.C. § 1915(g), which prohibits plaintiff from bringing any actions (including the three

23

24

REPORT AND RECOMMENDATION - 2

1  allowed by the 1992 Bar Order), unless plaintiff is under imminent danger of serious physical

2  injury.

3      Plaintiff has far surpassed his three-filing limit by filing more than 50 actions in this

4  district since the beginning of the year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.,* 2:22-cv-

5  00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-

6  BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

7  However, Judge Lin construes the 1992 Bar Order to include an imminent danger exception,

8  which allows plaintiff to surpass the number of IFP applications allowed under the 1992 Bar

9  Order if he complies with the rest of the procedural requirements. *See* Dkt. 4 at 3 (citing *Demos*

10  *v. Holbrook*, 848 Fed. Appx. 779 (9th Cir. 2021) ("While the contempt order does not specify an

11  'imminent danger' exception, and pre-dates the Prison Litigation Reform Act, the district court

12  seems to have construed the contempt order to include such an exception.")). After further

13  review consistent with Judge Lin's order, this Court recommends that plaintiff's action be

14  dismissed because plaintiff failed to follow the requirements of the 1992 Bar Order.

15      The 1992 Bar Order requires plaintiff to submit an affidavit stating that the claims

16  presented have not been presented in any other action in any court and that plaintiff can and will

17  produce evidence to support his claims. Plaintiff filed an affidavit in this matter that is deficient

18  as to both requirements. First, plaintiff's affidavit does not state that he can and will produce

19  evidence to support his claims. *See* Dkt. 5, at 2. More importantly, plaintiff states in his affidavit,

20  under penalty of perjury, that "the exact" issues are new and have never before been presented in

21  any other court and are "not identical" to any that he has raised before. Dkt. 1-1 at 16. Those

22  statements are demonstrably false.

23

24

REPORT AND RECOMMENDATION - 3

1    On June 23, 2022, one week before plaintiff filed this action, he filed an earlier action

2    with an identical proposed complaint in the Eastern District of Washington. *See Demos v.*

3    *Jackson*, 4:22-cv-05079-SAB, Dkt. 1-1, at 10–11 (E.D. Wash. 2022). The Eastern District has

4    since dismissed the complaint. *See Demos v. Inslee et al*, 4:22-cv-05106-SAB, Dkt. 4 (E.D.

5    Wash. 2022). Plaintiff has also attempted to bring several actions in this district this year,

6    alleging mishandling of the COVID-19 and monkeypox pandemics during his incarceration, and

7    none of those actions have been allowed to proceed. *See, e.g.*, *Demos v. Strange, et al.*, 3:22-cv-

8    05463-DGE, Dkts. 1, 4 (W.D. Wash. 2022); *Demos v. Washington State Department of*

9    *Corrections*, 2:22-cv-00723-JHC, Dkts. 1-1, 2, 4 (W.D. Wash. 2022); *Demos v. Washington*

10    *State Department of Corrections*, 3:22-cv-00724-RSL, Dkts. 1-1, 2, 4 (W.D. Wash. 2022);

11    *Demos v. State of Washington et al*, 2:22-cv-00769-TSZ, Dkts. 1-1, 2, 3 (W.D. Wash. 2022).

12    Plaintiff has not satisfied the requirements of the 1992 Bar Order and appears to have

13    violated Rule 11 of the Federal Rules of Civil Procedure by misrepresenting his litigation

14    history. *See Thibodeaux v. White*, No. 3:19-cv-05134-RBL-DWC, 2019 WL 2344080, at *2

15    (W.D. Wash. May 7, 2019) ("Misrepresenting litigation history may warrant sanctions under

16    Rule 11.") (citations omitted); *see also Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.

17    1994) (remanding to the district court to determine whether a *pro se* litigant's alleged false

18    statement that "he had never filed a federal or state lawsuit concerning his alleged assault by the

19    [prison cook]" warranted sanctions under Rule 11).

20                                        **CONCLUSION**

21    Accordingly, the Court recommends that plaintiff's claims be dismissed without

22    prejudice and that any pending motions be denied as moot.

23

24

1          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

5   objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

6   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

7   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 28,**

8   **2022,** as noted in the caption.

9          Dated this 7th day of October, 2022.

10

11                         J. Richard Creatura

12                         Chief United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 5