UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR, <br><br> Plaintiff, <br><br> v. <br><br> ROB M JACKSON et al., <br><br> Defendants. | CASE NO. 3:22-cv-05480-TL <br><br> ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, Chief United States Magistrate Judge (Dkt. No. 8) and Plaintiff John Robert Demos, Jr.'s objections to the Report and Recommendation (Dkt. No. 9). Having reviewed the Report and Recommendation, Plaintiff's objections, and the remaining record, the Court OVERRULES Plaintiff's objections, ADOPTS the Report and Recommendation, and DISMISSES the case without prejudice.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("[The Court] must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). Plaintiff filed timely objections to the Report and Recommendation.

Mr. Demos is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). As a bar order litigant, Mr. Demos may submit only three *in forma pauperis* ("IFP") applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992). Nevertheless, the Court returned the original Report and Recommendation in this case to the Magistrate Judge for a determination on imminent danger consistent with *Demos v. Holbrook*, 848 F. App'x 779 (9th Cir. 2021) (vacating denial of IFP status and administrative closure of action under a bar order and remanding with instructions to consider the possible application of the imminent danger exception); *see also* 28 U.S.C. § 1915(g) (demonstrating "imminent danger of serious physical injury" allows litigants to obtain IFP status despite a bar order).

Plaintiff's raises a number of issues in his filing, but his actual objection takes issue with whether the bar order against him in this district, *see In re John Robert Demos*, MC91-269-CRD, Dkt. 1 (W.D. Wash. Jan. 16, 1992) (1992 Bar Order), can "override[ ] a plausible claim of

imminent danger." Dkt. No. 9 at 7. *See also id.* at 8 (referencing *Holbrook*, 848 F. App'x 779).[1] However, Plaintiff's objection assumes that he makes a plausible claim of imminent danger when, in fact, he does not.

So far in this calendar year alone, Plaintiff has brought at least six cases in which he appears to raise claims relating to the mishandling of the COVID-19 and/or monkeypox pandemics. *See e.g., Demos v. Strange*, No. 3:22-cv-05084 (W.D. Wash. 2022); *Demos v. Strange*, No. 3:22-cv-05463 (W.D. Wash. 2022); *Demos v. Strange*, No. 3:22-cv-05464 (W.D. Wash. 2022); *Demos v. Washington State Department of Corrections*, 2:22-cv-00723, Dkt. Nos. 1-1, 2, 4 (W.D. Wash. 2022); *Demos v. Washington State Department of Corrections*, 3:22-cv-00724, Dkt. Nos. 1-1, 2, 4 (W.D. Wash. 2022); *Demos v. State of Washington et al*, 2:22-cv-00769, Dkt. Nos. 1-1, 2, 3 (W.D. Wash. 2022). Two of those cases were identical and were even filed on the same day. *Compare Demos v. Strange*, 3:22-cv-05463, Dkt. No. 1-1 with *Demos v. Strange*, 3:22-cv-05464, Dkt. No. 1-1. All six cases have been dismissed. In addition, the complaint in this case is nearly identical to a case filed in the Eastern District of Washington except for three additional questions presented in the proposed complaint before this Court.[2] *Compare* Dkt. No. 1-1 at 10-11 with *Demos v. Inslee*, 4:22-cv-05106-SAB, Dkt. 1 at 10-11 (E.D. Wash. 2022). Plaintiff in this case simply makes generalized complaints about certain populations in the facility, claims he has "contracted the deadly Covid-19 virus some 4+ time,

---

[1] Plaintiff also includes an argument questioning how he can be "required to pay a mysterious court filing fee, if Demos does not know the exact amount of the court filing fee, as court filing fee amounts are static and fluctuating and change ever[y] so often." Dkt. No. 9 at 2. Courts publicly post their fee schedules on their websites. The fee schedule for the Western District of Washington is available at https://www.wawd.uscourts.gov/sites/wawd/files/FeeSchedule.pdf.

[2] The Eastern District of Washington case was originally filed as an application for permission to file a successive petition for writ of habeas corpus on June 23, 2022, only a week before this civil rights case was filed in this Court. *See Demos v. Jackson*, 4:22-cv-05079-SAB, Dkt. No. 1. The Eastern District transferred the case to the Ninth Circuit which denied Demos authorization to file a successive petition, but noted that the proposed complaint included with the application "included a civil rights complaint." *See id.*, Dkt. Nos. 2, 5. Plaintiff's civil rights complaint was then separately filed and dismissed at *Demos v. Inslee*, 4:22-cv-05106-SAB, Dkt. Nos. 1, 4.

and counting", and then asserts "Plaintiff pleads imminent danger." Dkt. No. 1-1 at 4-5. Claims of imminent danger that are speculative and without support are insufficient to avoid a pre-filing bar order. *Andrews v. Cervantes*, 493 F.3d 1047, 1055, 1050 n.11 (9th Cir. 2007).

For the foregoing reasons, the Court ORDERS:

1. The Report and Recommendation (Dkt. No. 8) is hereby APPROVED and ADOPTED;

2. Plaintiff's claims are DISMISSED without prejudice, all pending motions are DENIED as moot, and the case shall be CLOSED; and

3. The Clerk is DIRECTED to send copies of this order to Mr. Demos and the Hon. J. Richard Creatura.

Dated this 2nd day of November 2022.

Tana Lin
United States District Judge